## REAGAN v. REAGAN.
### No. 35556.
Circuit Court, Pinellas County.

July 7, 1972.

Claire K. Cates of Nixon & Farnell, Clearwater, for the wife-petitioner.

Virginia Anne Church of Church & Reed, Clearwater, for the husband-respondent.

CHARLES R. HOLLEY, Circuit Judge.

This cause came on to be heard on the petition of the wife-petitioner for custody, temporary and permanent relief as to alimony, child support, and attorney's fees, and the cross petition of the husband-respondent for permanent or temporary custody of the child, denial of alimony, and a stay of proceedings for ninety days for court-ordered marriage counseling.

Testimony having been taken at three hearings and argument having been made by attorneys for both parties asking for an express ruling on normal interpretation of the intent of the Dissolution of Marriage Act of 1971, the court feels that a review of the issues as relating to salient parts of the argument and relevant evidence should be set forth.

The wife seeks a dissolution of the marriage, alleging that the marriage is irretrievably broken. She became pregnant by respondent while in college, and dropped out of school following her marriage and toward the end of her pregnancy. She seeks rehabilitative alimony for approximately eight months, until she completes her college education to obtain a teaching degree.

The husband is an industrial arts teacher, having completed his education during the term of the marriage. His salary is based on ten months employment per year. He is willing to continue the marriage and engage in marital counseling, his wife is opposed to continuing in the marital relationship — and the court therefore felt that ordering counseling or a delay would serve no useful purpose. There is a three year old child, issue of the marriage.

The wife's attorney argues that the parties have established by custom the relationship of the working husband and the child-rearing, home-centered wife, that the wife should not then be jeopardized because she has not worked during the term of the marriage and that by reason of the relationship which the parties have entered into, she should be entitled to some support for herself and the child until she completes her education and can be placed in a position to support herself.

The husband argues that his wife's fault in seeking dissolution of the marriage negates any right to support for herself and that she can obtain some form of employment at this time without the necessity of completing her education.

In her testimony the wife stated that there had been no physical abuse, but that her husband was neglectful towards her and the child, that there were no normal communicative patterns between the parties, that he had exhibited unsteady temperament and had on several occasions screamed rejection at the child, blaming the

child for the marital problems and expressing regret to the child that he had ever been born.

The husband admitted that he had on occasion verbally abused the child knowing it would hurt his wife but felt that she was overly protective of the child. He stated that the father-son relationship had improved since the parties had separated.

The wife's custody plan is that her mother would watch the child during the period of time that she was in school and that upon completion of her education in December 1972, and upon obtaining a teaching position, her working hours would coincide with the child's normal school hours.

The husband desires to have the child cared for by his mother, who, however, is a school teacher herself and employed ten months of the year and who has back trouble and unable to lift a heavy young child. In the alternative to awarding him custody of the child, the husband suggests to the court that he be granted custody during the summer months when he is not employed — thus enabling his wife to attend school and obtain part-time employment without the necessity of receiving support from him and without having to be encumbered by caring for the child.

The major legal issue involved is whether or not fault or the absence of fault should be considered by the court in determining right to rehabilitative alimony. There are no cases immediately on point. The court having been fully advised in the premises and upon oral stipulation for entry of final judgment of dissolution of marriage, finds —

That this court has jurisdiction of the parties hereto and the subject matter hereof.

That the marriage is irretrievably broken.

That fault and all related matters may be considered by the court in reaching its decision as to rehabilitative alimony.

That the wife-petitioner is able to seek employment at this time.

That both parties have an equal duty to support the child of the parties.

That the two home situations are approximately equal, but that there still remains a preference in placing a young child in the custody of the mother.

It is, therefore, ordered, adjudged and decreed —

That the marriage between David S. Reagan, husband-respondent, and Cecile M. Reagan, wife-petitioner, is hereby dissolved.

That the custody of the minor child of the parties, Sean David Reagan, is awarded to the wife-petitioner with reasonable visitation rights for the father, as follows — (a) One long week end a month, from Friday afternoon to Sunday evening. (b) Alternate holidays. (c) One two-week period during the summer months. (d) Any further time as the parties may hereinafter agree upon.

That the wife-petitioner be granted no alimony.

That the husband-respondent shall pay attorney's fees and costs of this action, including the sum of $900 as attorney's fee for the wife-petitioner's attorney, Claire K. Cates.

That the court retains jurisdiction of this cause for the purpose of entering such other and further orders and judgments as may be necessary and proper.